IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : CRIMINAL ACTION |
| v. | : |
| | : NO. 96-336-1 |
| TYRONE BRIGGS | : |

## MEMORANDUM

**Chief Judge Juan R. Sanchez**                                        **January 18,  2022**

The defendant, Tyrone Briggs, has filed a motion seeking early, "compassionate" release from his ongoing sentence under 18 U.S.C. § 3582(c)(1)(A)(i) and the First Step Act of 2018, Pub. L. No. 115-391, § 403(a), 132 Stat. 5194, 5221-22.  Because the Court finds Briggs has not made the requisite showing that relief is warranted, his motion shall be denied.

## FACTUAL BACKGROUND

This case arose on January 6 and January 14, 1996 when Tevin Lewis, Tyrone Briggs and Dameon Berry carjacked and/or attempted to carjack three vehicles in the City of Philadelphia. The three were armed and in the course of committing and trying to commit the carjackings, the trio attempted to murder all three victims.  In the first of the three carjackings, Berry tried to run down the victim, who luckily escaped.  Lewis tried to shoot two of the victims, but fortunately his firearm did not discharge on one of those occasions and on the other, he missed.  Briggs failed in his attempt at murder because his gun also did not fire.  After the third carjacking was attempted, the victim, a Budget-Rent-A-Car security guard, immediately contacted the Philadelphia police and the three defendants were located a short while later.  Following a high-speed chase in which

they led two police cruisers through various sections of the city, Briggs, Lewis and Berry were caught after crashing the stolen car in which they were travelling the wrong way down Overington Street into a pole and running away.

On November 15, 1996 following a four-day jury trial, Lewis, Briggs and Berry were all convicted of one count of conspiracy to commit carjackings in violation of 18 U.S.C. § 371,  one count of carjacking and aiding and abetting in violation of 18 U.S.C. § 2119(1) and (2), two counts of  attempted carjacking and aiding and abetting also in violation of 18 U.S.C. § 2119(1) and (2), and three counts of using a firearm in relation to a crime of violence and aiding and abetting in violation of 18 U.S.C.  § 924(c)(1), and (2).  At sentencing, Judge McGlynn, to whom the case was then assigned, sentenced Briggs to a total of 449 months in prison. Briggs is now 44 years old.

**DISCUSSION**

As a general rule, a federal court "may not modify a term of imprisonment once it has been imposed." *Dillon v. U.S.,* 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)).  There are, however, a few, limited exceptions to this general principle, one of which is outlined in § 3582 (c)(1)(A) and affords early "compassionate release" to inmates for whom the Court deems such relief appropriate.  Defendant Tyrone Briggs here seeks early, "compassionate" release from his 37-year sentence for the series of carjacking and firearms offenses committed in 1996.  He argues an "extraordinary and compelling reason" for reduction exists in his case as a result of the First Step Act amendment to 18 U.S.C. § 924(c) (using a firearm in relation to a crime of violence).

Under 18 U.S.C. § 3582 (c)(1)(A)(i), the Court can reduce a term of imprisonment on motion by a defendant "after considering the factors set forth in [18 U.S.C.] §3553(a) to the extent that they are applicable, if it finds that - (i) extraordinary and compelling reasons warrant such a reduction" … "and that such a reduction is consistent with applicable policy statements issued by

the Sentencing Commission." *Id.*  Briggs argues that as a result of the First Step Act's § 924(c) amendment, the 25-year mandatory minimum sentence for subsequent offenses is now only imposed if a defendant already had a final conviction for a § 924(c) offense at the time the second or subsequent offense was committed. 18 U.S.C. §924(c)(1)(C)(i).  Briggs was convicted under a prior version of the statute of two § 924(c) violations in a single prosecution, and he therefore was sentenced to a 20-year minimum sentence on his second conviction, which occurred in the same proceeding as his first.  This was proper at the time.  *See*, *e.g., Deal v. United States*, 508 U.S. 129, 132 (1993) (holding requirement under § 924(c) of enhanced sentence for subsequent conviction of carrying firearm during crime of violence was applicable to second through sixth of six counts on which accused was found guilty in single proceeding). It is likely that, if sentenced today, Briggs would have received a much lighter sentence.

However, Briggs' argument fails under the Third Circuit's August 30, 2021 decision in *United States v. Andrews*, 12 F.4th 255 (3d Cir. 2021).  Addressing the same issues as those presented here, the Third Circuit first observed that "Congress specifically chose not to apply the new sentencing scheme to people who had already been sentenced under the old version." *Id.,* at 257 (citing § 403(b)).  The Court then went on to hold: "[t]he duration of a lawfully imposed sentence does not create an extraordinary or compelling circumstance…" and "the nonretroactive changes to the 924(c) mandatory minimums also cannot be a basis for compassionate release." *Id.,* at 260-261.  This Court is bound by *Andrews* and Briggs has therefore not shown the §924(c)(1)(C)(i) amendment constitutes an extraordinary and compelling reason warranting reduction of his term of imprisonment.

Briggs additionally claims as extraordinary and compelling reasons his rehabilitation while in prison, his mother's serious medical conditions and limited time to live without a primary

caregiver, and the dangers presented by the COVID-19 pandemic to prison inmates such as himself.  Def's Mot. for Comp. Rel. 5, (ECF No. 241).   Again, a sentence reduction under § 3582 (c)(1)(A) may be granted by the Court if "after considering the factors set forth in § 3553(a) to the extent they are applicable, it finds that  … extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  *United States v. Nunez*, 483 F. Supp. 3d 280, 284-285 (E.D. Pa. 2020).   It is now clear that the existing Sentencing Commission Policy Statement for §3582(c)(1)(A) contained in the Commentary to U.S.S.G. § 1B1.13, is not binding on the courts where compassionate release motions are made by the defendants themselves.  *Andrews*, 12 F.4th at 259.  Nevertheless, this Policy Statement "still sheds light on the meaning of extraordinary and compelling reasons," given that 'Congress legislates against the backdrop of existing law.'"  *Andrews*, 12 F.4th at 260 (quoting *Parker Drilling Mgmt. Servs., Ltd. v. Newton*, ___U.S.___, 139 S. Ct. 1881, 1890 (2019)).   Hence, while the courts are free to interpret the meaning of "extraordinary and compelling" for themselves, the existing Policy Statement may properly be considered for guidance in this inquiry.  *Id.*

The Policy Statement does provide several examples of what may constitute extraordinary and compelling reasons.  These include the defendant suffering from a terminal illness, serious physical or medical condition, serious functional or cognitive impairment or experiencing deteriorating physical or mental health due to the aging process that substantially diminishes his ability to care for himself within the prison environment.  Commentary Application Note 1(A).  Additional pertinent factors arise where the defendant is at least 65 years old, has served at least 10 years or 75% of his sentence and is experiencing a serious deterioration in mental and/or physical health as a result of age, where the caregiver of a defendant's minor children dies or

becomes incapacitated, or a defendant's spouse or registered partner becomes incapacitated and the defendant is that person's only available caregiver.

   None of these circumstances has been pled or shown to exist here.  Although Briggs avers that his mother suffers from "serious health conditions" which purportedly place her in imminent threat of demise without a primary caregiver such that she needs "her son's assistance for day to day living," a parent is neither a child nor a spouse.  What's more, according to the records attached to Briggs' motion, while his mother suffers from a serious heart ailment and COPD, she continues to smoke and abuse alcohol and cocaine and was accompanied to her medical appointments by a cousin. Although Briggs has taken a number of classes and completed his GED while incarcerated, he also has a record of some 21 disciplinary infractions over that same time, including several for threatening bodily harm, refusal to follow orders and possession of stolen property.  His last such infraction occurred in May 2019.  While his educational efforts militate in favor of affording Briggs some relief, his disciplinary record effectively negates those efforts.  His claims of being endangered by the threats posed by COVID-19 to prisoners in general fail to persuade this Court, particularly as Briggs has received the COVID vaccine and provides no evidence that this generalized threat poses a risk to him in particular.

   Finally, the Court is obligated to consider the same factors as are examined in sentencing under 18 U.S.C. § 3553(a).  Of relevance here are: the nature and circumstances of the offense and history and characteristics of the defendant, the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to future criminal conduct, and to protect the public from further crimes of the defendant.  §3553(a)(1) – (2).  In application of these, the Court observes that Briggs was convicted of three very violent carjackings over a one-month period of time in which murder of the victims

was attempted but thankfully unsuccessful.  Although he was 24 years old at the time, Briggs himself attempted to shoot the victim in the first carjacking but the weapon did not discharge. When the Philadelphia police attempted to apprehend Briggs and his co-defendants, they led them on a high-speed chase in one of the carjacked vehicles the wrong way down a one-way street. After crashing that vehicle into a utility pole, Briggs and the others fled on foot, but were eventually apprehended. Prior to these incidents, Briggs had a history of having committed crimes as a juvenile.

The Court finds the nature and circumstances of Briggs' criminal conduct is highly egregious and worthy of a significant term of imprisonment.  The sentence given recognized this and was clearly designed to promote respect for the law, deter such future behavior and protect the public from similar future conduct by Briggs.  The foregoing factors weigh strongly against Briggs' motion for compassionate release and, in fact, far outweigh his other arguments.  The Court therefore concludes that Briggs is not entitled to early, compassionate release.  His motion is denied.

An Order follows.

BY THE COURT:


/s/ Juan R. Sanchez
_____
Juan R. Sanchez,        C.J.